1  JEFFER MANGELS BUTLER & MITCHELL LLP
   ROD S. BERMAN (Bar No. 105444)
2  *rberman@jmbm.com*
   STANLEY M. GIBSON (Bar No. 162329)
3  *sgibson@jmbm.com*
   JESSICA BROMALL SPARKMAN (Bar No. 235017)
4  *jsparkman@jmbm.com*
   1900 Avenue of the Stars, Seventh Floor
5  Los Angeles, California  90067-4308
   Telephone:  (310) 203-8080
6  Facsimile:   (310) 203-0567

7  Attorneys for Plaintiff PAIGE, LLC

8

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

| PAIGE, LLC, a California limited liability company, | CASE NO.   2:21-CV-00271 |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);** |
| DHNW LLC, a Texas limited liability company; and DOES 1 through 10, inclusive, | **(2) UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)(A));** |
| Defendants. | **(3) FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B));** |
| | **(4) FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))** |
| | **(5) COMMON LAW TRADEMARK INFRINGEMENT; AND** |
| | **(6) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200).** |
| | **DEMAND FOR TRIAL BY JURY** |

For its Complaint, plaintiff Paige, LLC ("Plaintiff" or "Paige") alleges as follows:

## THE PARTIES

1. Plaintiff Paige is a California limited liability company with offices at 10119 Jefferson Boulevard, Culver City, California 90232.

2. Defendant DHNW LLC ("DHNW") is a Texas limited liability company, with offices at 2939 Irving Boulevard, #305, Dallas, Texas, 75247.

3. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations. DHNW and Does 1 through 10 are, at times, collectively referred to herein as "Defendants," and are, at times, individually referred to herein as a "Defendant."

4. Plaintiff is informed and believes and, based thereon, alleges that at all relevant times, each of the Defendants, including defendants Does 1 through 10, was an agent, employee or co-conspirator of each of the other Defendants, and was acting within the course and scope of such agency or employment and was in some manner legally responsible for the wrongful conduct alleged herein. Plaintiff is further informed and believes and, based thereon, alleges that each Defendant, including the fictitiously named Defendants, directed, aided and assisted in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each and every such Defendant. Plaintiff is further informed and believes and, based thereon, alleges that, at all relevant times, to the extent that the conduct and omissions alleged herein were perpetrated by one or more Defendants, the remaining Defendants confirmed and ratified such conduct and omissions.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) over the federal trademark infringement, false advertising, unfair competition claims, and dilution claims which arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state unfair competition and common law trademark infringement claims because they arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 over all claims asserted herein, because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy is greater than $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over the Defendants. Plaintiff is informed, and believes, and based thereon, alleges that the conduct giving rise to this suit occurred, at least in part, California, including, the sale, offer for sale, or advertising of products bearing infringing trademarks in this judicial district. Further, Defendants either knew or should have known that their infringing conduct would have consequences in California and, that the harm to Plaintiff arising from Defendants' conduct would occur (and, in fact did occur) in California.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Plaintiff is informed and believes and, based thereon, alleges, that Defendants conduct business in this District and that a substantial part of the events and/or omissions giving rise to the claims against Defendants occurred in this District. Plaintiffs have offices in this District and have been injured in this District as a result of Defendants' infringing conduct.

PRINTED ON
RECYCLED PAPER
68665399v1

## GENERAL ALLEGATIONS

### Plaintiff and the PAIGE Mark

8. Plaintiff designs, markets, and distributes a popular, high-end line of apparel, footwear, and accessories. Paige owns the federally registered trademark PAIGE (the "PAIGE Mark") for, among other things, denim and other apparel, shoes, socks, accessories, and handbags, as well as retail store services featuring the foregoing (the "PAIGE Mark").

9. The PAIGE Mark has been used in connection with, *inter alia*, denim, other apparel, footwear, and accessories, by Plaintiff, its licensees, and its predecessors in interest. The PAIGE Mark is the subject of numerous federal trademark registrations, many of which are incontestable registrations, including:

    a. U.S. Reg. No. 3308211 for PAIGE for satchels, in International Class 18, issued on October 9, 2007;

    b. U.S. Reg. No. 4046193 for PAIGE for, clothing, namely jeans, pants, leggings, skirts, dresses, shirts, t-shirts, tank tops, and jackets, in International Class 25, issued on October 25, 2011;

    c. U.S. Reg. No. 4128766 for PAIGE for shorts in International Class 25, issued on April 17, 2012;

    d. U.S. Reg. No. 4237703 for PAIGE for shoes in International Class 25, issued on November 6, 2012;

    e. U.S. Reg. No. 4898947 for PAIGE for leather and imitation leather accessories, namely, coin purses in International Class 18, issued on February 9, 2016; and

    f. U.S. Reg. No. 5798838 for PAIGE for retail store services featuring clothing, footwear, apparel, accessories, handbags, and jewelry in International Class 35, issued on July 9, 2019.

10. Paige sells over one hundred million dollars of PAIGE-branded goods annually, and, since its inception in 2004, more than two billion dollars of PAIGE-branded goods have been sold at retail.

11. Through control of the design of and materials used in its garments, Paige has created products that the market trusts to be of the highest quality and standards and developed created enormous goodwill in the PAIGE Mark. Paige has grown into a multimillion dollar fashion brand and the PAIGE Mark has become a household name identifying high quality denim, apparel, footwear, and accessories.

12. Paige actively promotes the PAIGE Mark, spending more than $10 million annually, and well over $100 million since the brand's launch, to advertise and promote the PAIGE Mark.

13. Paige's merchandise is sold not just in the U.S., but also throughout the world to a following of loyal consumers. These consumers include both celebrities and prominent fashion influencers, who are often featured wearing Paige jeans in widely-circulated popular fashion magazines. Paige merchandise can be found in approximately 1000 high-end retailers, including Nordstrom, Saks, Bloomingdale's, Neiman Marcus, and Anthropologie.

14. The PAIGE Mark is a strong mark and it is inherently distinctive. Even if it were not inherently distinctive (and it is), through its use and promotion has acquired distinctiveness. The PAIGE Mark is uniquely associated with Plaintiff.

<u>Defendants' Infringing Conduct</u>

15. On information and believe, Defendants are using the mark BLANK PAIGE (the "Infringing Mark") in connection with apparel, related accessories, and online and offline retail store services.

16. As shown below, Defendants have a adopted and are using a stylized version of the Infringing Mark featuring an elongated, block letter, all capital letter, sans serif font. Plaintiff, for many years, and since long before Defendants' adopted the Infringing Mark, has used an elongated, block letter, all capital letter, sans serif

1  font for its PAIGE Mark. As shown below, the stylizations and color scheme adopted
2  by Defendants is strikingly similar to those already in use by Plaintiff, thereby
3  exacerbating the potential for confusion.






23       17.     Discovery is necessary to determine precisely how, and where,
24  Defendants are using the Infringing Mark. Defendant DHNW filed a federal
25  trademark application for the Infringing Mark in which it claims to use the Infringing
26  Mark in connection with *bandanas, beachwear, belts, blazers, blouses, bodysuits,*
27  *camisoles, coats, dresses, footwear, gloves, headwear, jackets, jeans, jumpsuits,*
28  *kimonos, leggings, lingerie, lougnewear, pants, robes, rompers, scarves, shirts,*

PRINTED ON
RECYCLED PAPER
68665399v1

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  *shorts, skirts, sleepwear, socks, sweaters, sweatshirts, swimwear, t-shirts, tights, tops,*
2  *underwear, vests* and *online and offline wholesale and retail store services featuring*
3  *clothing, hats, jewelry, bags, shoes, cosmetics, underwear, swimwear, and*
4  *accessories namely, belts, scarves, sunglasses, and gloves*.

5  18.  Defendants' unauthorized and infringing use of the Infringing Mark
6  commenced long after Plaintiff's first use and registration of the PAIGE Mark.

7  19.  Defendants' use of the Infringing Mark for apparel and related
8  accessories, retail store services, and related goods and services is likely to cause
9  confusion, including reverse confusion, or to cause mistake, or to deceive as to
10 source, origin, affiliation, approval, sponsorship, and/or association.

11 20.  Defendants' infringing conduct deprives Plaintiff of the ability to
12 safeguard its reputation for excellence and deceives the recipients of Defendants'
13 infringing products into believing that they are receiving authentic PAIGE-branded
14 products, which is not the case.

15 21.  On or about July 16, 2020, Plaintiff initiated an opposition proceeding
16 before the Trademark Trial and Appeal Board of the United States Patent and
17 Trademark Office ("TTAB") opposing registration of the Infringing Mark for the
18 applied-for goods, which proceeding is currently pending.

19 22.  To date, based on information and believe, Defendants continue to use
20 the Infringing Mark without Plaintiff's authorization or consent.

21 **FIRST CAUSE OF ACTION**
22 <u>Trademark Infringement</u>
23 (15 U.S.C. § 1114)

24 23.  Plaintiff incorporates by reference the preceding paragraphs of this
25 Complaint as if set forth herein.

26 24.  Defendants, through the acts and omissions described herein, have used
27 and continue to use, in commerce the Infringing Mark in connection with the sale,
28 offering for sale, distribution, and advertising, of goods.

PRINTED ON RECYCLED PAPER
68665399v1

25. Defendants' above-described conduct and use of the Infringing Mark is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

26. Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, or use the PAIGE Mark.

27. Defendants' actions constitute trademark infringement pursuant to 15 U.S.C. § 1114.

28. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the PAIGE Mark; and/or they have continued to provide others with infringing goods, with knowledge of the direct infringers' use or sale of the infringing goods.

29. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

30. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to the PAIGE Mark. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and profit from Plaintiff's goodwill.

31. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

32. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including any further use of the Infringing Mark or any other mark

PRINTED ON RECYCLED PAPER
68665399v1
Jeffer Mangels Butler & Mitchell LLP
JMBM

confusingly similar to the PAIGE Mark. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

33.  Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' infringing conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

34.  Pursuant to 15 U.S.C. § 1117(a) and (b), and because Defendants' conduct described herein was intentional and in blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seek, an award tripling any damages or profits established at trial.

35.  Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels and containers bearing the Infringing Mark or any other marks confusingly similar to the PAIGE Mark.

36.  Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a) and 1117(b).

## SECOND CLAIM FOR RELIEF

Unfair Competition

(15 U.S.C. § 1125(a)(1)(A))

37.  Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

38.  Defendants, through the acts and omissions described herein, have used and continue to use, in commerce words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading

representations of fact, in connection with the sale, offering for sale, distribution, and advertising, of goods.

39. Defendants' above-described conduct and used of the Infringing Mark is likely to cause confusion, or reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff, which is not the case.

40. Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, use, or provide any goods bearing the Infringing Mark, or any other mark confusingly similar to the PAIGE Mark.

41. Defendants' actions violate 15 U.S.C. § 1125(a)(1)(A).

42. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the PAIGE Mark; and/or they have continued to provide others with infringing goods, with knowledge of the direct infringers' use or sale of the infringing goods.

43. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

44. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to the PAIGE Mark. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and to profit from Plaintiff's goodwill.

45. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

46. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including any further use of the Infringing Mark or any other mark confusingly similar to the PAIGE Mark. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

47. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

48. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

49. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels or advertisements, bearing the Infringing Mark or any other mark confusingly similar to the PAIGE Mark.

50. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### False Advertising

(15 U.S.C. § 1125(a)(1)(B))

51. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

52. Defendants, through the acts and omissions described herein, have used and continue to use, in interstate commerce words, terms, names, symbols, false

1  designations or origin, false or misleading descriptions of fact, and/or false or
2  misleading representations of fact ("false statements"), in commercial advertising or
3  promotion that misrepresent the nature, characteristics, or qualities of their goods,
4  including, by falsely suggesting that goods are PAIGE® products, which they are not.

5  53. Defendants' false and materially misleading statements and omissions
6  have actually deceived or have the tendency to deceive a substantial segment of their
7  audience; that deception is material, in that it is likely to influence the audience's
8  purchasing decision; and Plaintiff has been or is likely to have been injured as a
9  proximate result of Defendants' false statements, including by damaging Plaintiff's
10 reputation and by a lessening of the goodwill associated with Plaintiff's PAIGE
11 Mark.

12 54. Defendants' actions violate 15 U.S.C. § 1125(a)(1)(B).

13 55. Defendants are also secondarily liable for contributory false advertising
14 in that they have intentionally induced others, including other Defendants and the
15 customers of each Defendant, to directly engage in false advertising; and/or they have
16 continued to provide others with infringing goods, with knowledge of the direct
17 infringers' display or use of the infringing goods constitutes false advertising.

18 56. Defendants are also secondarily liable for vicarious false advertising in
19 that Defendants have an apparent or actual partnership among and between
20 themselves, and/or with other actors, and have the authority to bind one another in
21 transactions with third parties, and/or exercise joint ownership or control over the
22 false advertising.

23 57. Defendants have committed the acts alleged above with full knowledge
24 of and in disregard of Plaintiff's rights. Defendants' actions were willful and for the
25 calculated purpose of misleading and deceiving the public in order to trade on and to
26 profit from Plaintiff's goodwill.

27 58. As a direct and proximate result of Defendants' conduct, Plaintiff has
28 been damaged and will continue to be damaged unless Defendants are enjoined.

PRINTED ON
RECYCLED PAPER
68665399v1

59. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future false advertising by Defendants, as alleged herein, including further use of the Infringing Mark, or any other mark confusingly similar to the PAIGE Mark. Unless such an injunction issues, Defendants' false advertising will continue to materially deceive the relevant public, thereby irreparably damaging Plaintiff.

60. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' false advertising, as well as an order awarding all of Defendants' profits traceable to Defendants' false advertising.

61. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

62. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels and advertisements, bearing or including any of the false advertising as alleged herein.

63. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

Federal Trademark Dilution

(15 U.S.C. § 1125(c))

64. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

65. The PAIGE Mark is famous, and became famous long before the commencement of Defendants' conduct described herein.

66. Defendants' use of the Infringing Mark has caused and will continue to cause dilution by blurring or by tarnishment of the distinctive quality of the PAIGE Mark in violation of 15 U.S.C. § 1125(c).

67. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

68. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a) and 1125(c), seek an injunction prohibiting any continuing or future dilutive conduct by Defendants, including, without limitation, any further use of the Infringing Mark or any other marks dilutive of the PAIGE Mark. Unless such an injunction issues, Defendants' dilutive conduct will continue, thereby irreparably damaging Plaintiff.

69. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct is willful, Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding it all of Defendants' profits traceable to Defendants' conduct.

70. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

71. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels, signs, prints, packages, advertisements, books, and pamphlets bearing the Infringing Mark or any other marks dilutive of the PAIGE Mark.

72. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

PRINTED ON RECYCLED PAPER
68665399v1

## FIFTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

73. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

74. The acts and omissions of Defendants, as set forth above, constitute common law trademark infringement.

75. Defendants, through the acts and omissions described above, have used and continue to use, in commerce words, terms, names, symbols, and devices which are confusingly similar to those of Plaintiff, in a manner that is likely to cause confusion, including reverse confusion, or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods or other commercial activities, or as to the sponsorship or approval of Defendants' goods or other commercial activities by Plaintiff, which is not the case.

76. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the PAIGE Mark; and/or they have continued to provide others with infringing goods, with knowledge of the direct infringers' use or sale of the infringing goods.

77. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

78. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

79. Plaintiff lacks an adequate remedy at law and seek an injunction prohibiting any continuing or future infringing conduct by Defendants, including

further use of the Infringing Mark or any other mark confusingly similar to the PAIGE Mark. Unless such an injunction issues, Defendants' conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

80. Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct by which Defendants were unjustly enriched.

81. Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights. Defendants are guilty of intentional, oppressive, malicious, reckless, and despicable conduct directed to Plaintiff in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover, and hereby seeks, punitive damages from Defendants.

## SIXTH CLAIM FOR RELIEF

Unfair Business Practices

(Cal. Bus. & Prof. Code § 17200)

82. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

83. Defendants have committed acts of illegal and unfair business practices, as defined by Business and Professions Code Section 17200 *et seq.*, by engaging in, among other unfair practices, deceptive representations in violation of Business and Professions Code § 17500, and violations of state and federal trademark and unfair competition law.

84. These acts and practices violate Business and Professions Code Section 17200, in that they are illegal, unfair, and/or fraudulent business practices.

85. The unlawful, unfair and/or fraudulent business practices as described above, present a continuing threat to members of the public in that Plaintiff and

1  members of the general public have no other adequate remedy at law to halt and
2  remedy said practices and/or policies.

3       86.    As a direct and proximate result of the aforementioned acts, Defendants
4  received and continue to hold ill-gotten gains resulting from their unfair business
5  practices, which properly belong to Plaintiff. Plaintiff, accordingly, seeks restitution
6  of all such gains.

## PRAYER FOR RELIEF

8  WHEREFORE, Plaintiff prays for relief against Defendants as follows:

9       A.    For a preliminary and permanent injunction enjoining and restraining
10 Defendants, and all of their officers, directors, stockholders, owners, agents,
11 representatives, servants, and employees, and all those acting in concert or privity
12 therewith, from directly or indirectly:

13      1.    infringing Plaintiff's trademark rights in any way including,
14 without limitation, Plaintiff's rights, common law or otherwise, in the PAIGE Mark;

15      2.    using any words, terms, names, symbols, false designations or
16 origin, false or misleading descriptions of fact, and/or false or misleading
17 representations of fact, including, without limitation, the Infringing Mark, or any
18 other mark confusingly similar to the PAIGE Mark, in connection with the sale,
19 offering for sale, distribution, commercial advertising or promotion of goods or
20 services that are likely to cause confusion or mistake or to deceive as to the
21 affiliation, connection, or association of Defendants with Plaintiff, or as to the origin
22 of Defendants' goods or services, or other commercial activities, or as to the
23 sponsorship or approval of Defendants' goods or services, or other commercial
24 activities by Plaintiff; or that misrepresents the nature, characteristics, or qualities of
25 Defendants' or Plaintiff's services or commercial activities.

26      3.    diluting in any way the distinctive quality of the PAIGE Mark,
27 including, without limitation, the Infringing Mark or any other mark dilutive of the
28 PAIGE Mark;

1          4.      engaging in any unfair business practices or any acts of unfair

2  competition in any manner with respect to Plaintiff or the PAIGE Mark; and

3          5.      using the Infringing Mark or any other mark confusingly similar

4  to the PAIGE Mark in connection with the sale, offering for sale, distribution, and

5  advertising of any goods and/or services or any other commercial activities.

6      B.    Ordering Defendants to file with the Court and to serve on counsel for

7  Plaintiff, within thirty (30) days from entry of an injunction, a report setting forth the

8  manner and form in which Defendants have complied with the injunction.

9      C.    For an order that, by the acts complained of herein, Defendants have

10  infringed Plaintiff's trademark rights, in violation of 15 U.S.C. § 1114.

11      D.    For an order that, by the acts complained of herein, Defendants have

12  infringed Plaintiff's rights in the PAIGE Mark, and that Defendants' conduct violates

13  15 U.S.C. § 1125(a).

14      E.    For an order that, by the acts complained of herein, Defendants have

15  diluted the distinctive quality of the PAIGE Mark, including in violation of 15 U.S.C.

16  § 1125(c).

17      F.    For an order that, by the acts complained of herein, Defendants have

18  infringed Plaintiff's common law trademark rights and/or engaged in acts of common

19  law unfair competition against Plaintiff.

20      G.    For an order that, by the acts complained of herein, Defendants have

21  engaged in unfair business practices against Plaintiff, in violation of Cal. Bus. and

22  Prof. Code § 17200.

23      H.    For an order finding that Defendants' conduct alleged herein was willful

24  and intentional and in conscious disregard of Plaintiff's rights.

25      I.    For an order awarding Plaintiff general and/or specific damages, in an

26  amount to be fixed by the Court in accordance with proof.

27      J.    For an order awarding all of Defendants' profits traceable to Defendants'

28  conduct.

PRINTED ON
RECYCLED PAPER
68665399v1

K.     For an order trebling any damage or profits established.

L.     For an order awarding Plaintiff restitution of all amounts obtained by Defendants by means of their wrongful acts described herein.

M.     For an order for the destruction of all materials, including, without limitation, all labels, signs, prints, packages, advertisements, books, and pamphlets bearing the PAIGE Marks or any other marks confusingly similar thereto or dilutive thereof, or any false advertising concerning Plaintiff's or Defendants' services.

N.     For an order finding that this is an exceptional case, and awarding Plaintiff their costs and attorneys' fees incurred in prosecuting this action.

O.     And, for an order awarding such other or further relief as the Court deems just and proper.

DATED: January 12, 2021

JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
STANLEY M. GIBSON
JESSICA BROMALL SPARKMAN

By: /s/ Jessica Bromall Sparkman
      JESSICA BROMALL SPARKMAN
Attorneys for Plaintiff PAIGE. LLC.

PRINTED ON RECYCLED PAPER
68665399v1

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues which may be tried to a jury.

DATED: January 12, 2021

JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
STANLEY M. GIBSON
JESSICA BROMALL SPARKMAN


By: /s/ Jessica Bromall Sparkman
  JESSICA BROMALL SPARKMAN
Attorneys for Plaintiff PAIGE. LLC.